IN THE
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

HUNTER STEVENS
SHANE HONAKER
DYLAN OSBORNE
TAYLOR RATLIFF
CORIE M. YATES
SHAWN M. SHORT
JONATHAN R. OWENS                                                        PLAINTIFFS

v.      CASE NO.:

TOWN OF HONAKER                                                          DEFENDANT

# COMPLAINT

COME NOW, Hunter Stevens, Shane Honaker, Dylan Osborne, Taylor Ratliff, Corie Yates, Shawn M. Short & Jonathan R. Owens, by their Counsel, and hereby submit the following in support of their Complaint.

**PARTIES**

1. Hunter Stevens, Shane Honaker, Dylan Osborne, Taylor Ratliff, Corie Yates, Shawn M. Short & Jonathan R. Owens were prior employees of the Town of Honaker in Russell County, Virginia, as law enforcement officers, and were employees within the meaning of the Fair Labor Standards Act [FLSA] 29 USC §201 *et seq*.

2. The Town of Honaker is a municipality in Russell County and was a prior employer of the Plaintiffs, and is an employer within the meaning of the Fair Labor Standards Act [FLSA] 29 USC §201 *et seq.*

## JURISDICTION AND VENUE

3. This Court has jurisdiction of this matter pursuant to 28 USC §1331 because it involves matters of federal question.

4. This Court has jurisdiction of this claims pursuant to the Fair Labor Standards Act [FLSA] 29 USC §201 *et seq* because the Plaintiffs allege violations of by the Defendant of 29 USC §206 & 207.

5. This Court has jurisdiction of this injunctive relief pursuant to 28 USC §1331 because it involves matters of federal question and pursuant to 29 USC §201 *et seq* because it involves violations of the Fair Labor Standards Act [FLSA] by the Defendant.

6. This Court has ancillary jurisdiction of this matter pursuant 28 U.S.C. §1367 to address violations of the Virginia Code that are substantially similar to the provisions of the FSLA.

7. This action is brought by Plaintiffs to secure declaratory relief and damages to remedy Defendant's violations of federal and state employment laws by failing to adequately compensate Plaintiffs for the hours they worked, and to secure declaratory relief, and compensatory damages.

8. All of the acts that give rise to this Complaint occurred in the Western District of Virginia, Abingdon Division.

9. Venue is appropriate in this Court pursuant to 28 USC §1391.

## FACTS

10. Each of the Plaintiffs were hired as law enforcement officers prior to attending a DCJS accredited police academy by the Town of Honaker.

11. Each of the Plaintiffs attended a DCJS accredited police academy in Bristol, Virginia, as required by the Defendant, and worked additional hours during the weekends.

12. At all times relevant to these proceedings, the Defendant exclusively used the accredited police academy in Bristol Virginia for the training and certification of its employees who were hired as law enforcement officers.

13. In order to send officers to the accredited police academy in Bristol Virginia, the officers were required to be employed by the Town of Honaker.

14. The accredited police academy in Bristol Virginia is the closest academy that trains officers to become certified by DCJS. The training regime is a 40 hour per week program that is 20 weeks in duration, for a total of 800 hours.

15. The academy has a dormitory on site so that the attendees may reside at the academy during the 20 week training program.

16. Classes began at 8:00 a.m. and concluded at 5:00 p.m., with a one hour lunch break.

17. The Defendant advised each of the Plaintiffs that they were required to execute a written contract that provided for no compensation for the hours they were attending the police academy, and contained other provisions that are punitive in nature and are unenforceable pursuant to Virginia law.

18. The Defendant informed the Plaintiffs that the only wages that they were entitled to receive was for work performed on the weekends, and those hours were computed at the officer's hourly wage rate, and not at the mandatory 1 ½ hourly wage rate for overtime.

19. The Defendant made fraudulent misrepresentations to the Plaintiffs about their lack of entitlement to hourly wage compensation while attending the academy.

20. The Town of Honaker required the Plaintiffs to work 12 hour shifts on Saturdays and Sundays, for a total of 24 hours over and above the 40 hours they were employed and working during academy.

21. The Defendant informed the Plaintiffs that it was the policy and practice of the Town of Honaker to provide weekly monetary benefits to the Plaintiffs to reimburse them for meals and other expenses incurred while attending the academy, but they were not to be compensated for the 40 hours that the Defendant required them to attend the academy

22. The Town of Honaker did not include these weekly reimbursement expenses as wages.

23. Mandatory withholdings as required by the federal payroll laws were not deducted by the Defendant for these weekly reimbursements.

24. The Defendant did not include these weekly reimbursement amounts on the Plaintiffs' yearly W2 tax forms.

25. The Defendant has engaged in a long standing practice of willfully violating the FLSA by failing to pay the Plaintiffs and others similarly situated the required minimum wage for these Plaintiffs, and the required overtime wage for the Plaintiffs, that dates back as far as 2015.

26. The Defendant has repeatedly violated the FLSA for more than 5 years with more than 10 prior employees adversely affected by its unlawful conduct.

27. The Defendant had actual knowledge of its obligations to comply with the FLSA and comparable state labor law provisions.

28. The Defendant failed to post in any conspicuous location at the Plaintiff's place of employment the FLSA placard that informed employees, including the Plaintiffs, of their rights pursuant to the FLSA. This failure has been continuous from 2015 through June 2020.

29. Until the Plaintiffs were informed by legal counsel in 2020 that the Defendant had violated the FLSA and comparable state law provisions, they were unaware that the Defendant had engaged in repeated violations of federal and state labor laws, and that they had any right of action against the Defendant.

30. With respect to each of the Plaintiffs, the Defendant willfully and repeatedly violated the FLSA by failing to pay their hourly wage rate for the hours attending the academy.

31. With respect to each of the Plaintiffs, the Defendant willfully and repeatedly violated the FLSA by failing to pay their hourly wage rate for the overtime hours worked during the time period they were attending the academy.

32. Defendant willfully, intentionally, and with reckless disregard failed to pay the Plaintiffs the minimum wage for all their hours worked in violation of the FLSA, and this reckless disregard continues as of the filing of this Complaint.

33. The Plaintiffs have demanded the Defendant to correct their unlawful conduct and the Defendant has failed to do so.

## COUNT 1

34. The Plaintiffs re-allege Paragraphs 1 through 33.

35. The Defendant violated the FLSA by failing to pay the Plaintiffs for their hours while attending the academy, all in violation of 29 USC §206.

36. As a consequence of the unlawful conduct of the Defendant, Plaintiffs are entitled, pursuant to 29 U.S.C. § 216(b), to recover their unpaid minimum wages, including interest and liquidated damages thereon, in amounts to be, proven at trial, as well as reasonable attorney's fees and costs.

## COUNT 2

37. The Plaintiffs re-allege Paragraphs 1 through 33.

38. The Defendant violated the FLSA by failing to pay the Plaintiffs for their overtime hours while attending the academy, all in violation of 29 USC §207.

39. As a consequence of the unlawful conduct of the Defendant, Plaintiffs are entitled, pursuant to 29 U.S.C. § 216(b), to recover their unpaid minimum wages, including interest and liquidated damages thereon, in amounts to be, proven at trial, as well as reasonable attorney's fees and costs.

## COUNT 3

40. The Plaintiffs re-allege Paragraphs 1 through 33.

41. The Defendant violated Chapter 3 of Title 40.1 of the Code of Virginia by failing to pay the Plaintiffs for their hours while attending the academy, all in violation of §40.1-28.10.

42. As a consequence of the unlawful conduct of the Defendant, Plaintiffs are entitled, pursuant to §40.1-28.12 to recover their unpaid minimum wages, including interest as well as reasonable attorney's fees and costs.

## COUNT 4

43. The Plaintiffs re-allege Paragraphs 1 through 33.

44. As a consequence of the unlawful conduct of the Defendant, civil penalties are necessary, and should be assessed against the Defendant.

## COUNT 5

45. The Plaintiffs re-allege Paragraphs 1 through 33.

46. As a consequence of the unlawful conduct of the Defendant, the Plaintiffs seek a permanent injunction against the Defendant from future violations of the FLSA by failing to pay law enforcement officers while they are attending the academy.

WHEREFORE, Hunter Stevens, Shane Honaker, Dylan Osborne, Taylor Ratliff, Corie Yates, Shawn Short & Jonathan Owens, by their Counsel, hereby pray for the following relief:

(A) For an Order declaring the acts of the Defendant to be in violation of both federal law and state law;

(B) For judgment for each Plaintiff against the Defendant for an amount that fully compensates them for their lost wages and an amount of liquidated damages equal to the amount of unlawfully withheld wages, including interest assessed in accordance with both federal and state law;

(C) For an Order requiring the Defendant to pay reasonable attorney's fees and costs;

(D) For an Order awarding the Plaintiffs any other appropriate relief necessary to make the Plaintiffs whole; and

(E) For an Order awarding the Plaintiffs any such other legal and equitable relief as this Court deems just and proper.

HUNTER STEVENS, SHANE HONAKER, DYLAN OSBORNE, TAYLOR RATLIFF,
CORIE YATES, SHAWN M. SHORT & JONATHAN R. OWENS
BY COUNSEL

/s/ *Timothy W. McAfee*
Timothy W. McAfee
Virginia State Bar Number: 21779
Attorney for: **Hunter Stevens, Shane Honaker, Dylan Osborne, Taylor Ratliff, Corie Yates, Shawn M. Short & Jonathan R. Owens**
McAfee Law Firm, PLLC
408 Wood Avenue E
P.O. Box 610
Big Stone Gap, VA 24219
Telephone: (276) 523-5300
Fax: (540) 301-5777
E-mail: tim@mcafee-law.com